UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL CHILDS,<br>CDCR #F-14068,<br><br>Plaintiff,<br><br>vs.<br><br>D. PARAMO; CARIE COREL; LT. P. COVELLO; JESSE JUAREZ; E. FRIJAS; L. GARNICA; V. SOSA; C. ODELL; LADONNA MUNOZ; S. WHITING; P. CAROL MAGNO; C. FROST; GILLIS,<br><br>Defendants. | Case No.: 3:18-cv-02796-GPC-MDD<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM** |

On December 10, 2018, Earl Childs ("Plaintiff"), proceeding pro se and while housed at the Kern Valley State Prison (KVSP") filed a civil rights action entitled "Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order." (ECF No. 1.) On February 19, 2019, Plaintiff filed a "Motion for Leave to Proceed *In Forma Pauperis*" ("IFP"). (ECF No. 5.)

The Court GRANTED Plaintiff's Motion to Proceed IFP and sua sponte DISMISSED the entire action for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. (ECF No. 6.) On May 21, 2019, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 9.)

1

## II. Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. Nov. 9, 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). A complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for

2

3:18-cv-02796-GPC-MDD

## II. Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. Nov. 9, 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). A complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for

relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Plaintiff's allegations</u>

Plaintiff was previously housed at the Richard J. Donovan Correctional Facility ("RJD") in 2015. (*See* FAC at 5.) Plaintiff alleges he was "falsely and illegally" given an "RVR disciplinary report for battery on an inmate" and "harassed by Defendant Sgt. S. Whiting." (*Id.*) Plaintiff was in his cell on September 26, 2015 when he "heard the unit gun tower say get down to the inmates in the unit day room." (*Id.*) Correctional Officer Ruiz[1] and Correctional Officer Gillis were working as "floor officials" when Gillis "looked into" Plaintiff's cell and told him "Childs, you're going down for attempted murder." (*Id.*) Gillis and Ruiz left but returned to Plaintiff's cell ten minutes later telling Plaintiff and his cellmate to "step out." (*Id.* at 5-6.) They were both "searched and told to sit down in the day room" while their cell was searched as well. (*Id.* at 6.)

Gillis returned to Plaintiff's cell later that evening and told Plaintiff to "pack your [expletive], you are going to the 'hole'." (*Id.*) Correctional Officer Estandian[2] came to Plaintiff's cell, "cuffed" him, and placed him in "D-Facility gym holding cages." (*Id.*) Correctional Officer Carolmango "worked as Facility D main observation (gun tower)" when he "called the alarm and yard to get down" on September 26, 2015." (*Id.*) Plaintiff alleges Carolmango told him "there was no incident" and he did not "see Inmate Rodriguez" get "hurt or stabbed or [anything] take place on the basketball court." (*Id.*)

---

[1] Ruiz is not a named defendant.
[2] Estandian is not a named defendant.

3

Plaintiff alleges Carolmango told him that he "knew Sgt. S. Whiting, c/o Gillis, et al., was lying" about Plaintiff but he was turning a "blind eye to the illegal, unlawful act by failing to correct the misconduct" when Carolmango "allowed the other officials to place a false RVR on me." (*Id.*) These actions were taken in "retaliation for filing grievances and filing 1983s against [RJD] and CDCR." (*Id.*)

Correctional Officers Frijas, Sosa, and Garnica have "been retaliating against [Plaintiff] ever since" September 26, 2015. (*Id.* at 9.) He alleges that these Defendants "all have been harassing and retaliating against" him since he filed a "1983 against CDCR and against [RJD] in 2014-13." (*Id.*)

On May 28, 2108, Plaintiff "wrote V. Sosa, L. Garnica up for circumventing and prolonging [his] 602s and appeals." (*Id.*) Plaintiff alleges they were "stonewalling" and "depriving" him of having the "right to file 602s and complaints." (*Id.*) Correctional Counselor Frijas answered Plaintiff's "602s" while he was in the "ASU/SHU for the false incident" on September 26, 2015. (*Id.*) Plaintiff alleges Frijas was "falsely protecting V. Sosa, L. Garnica." (*Id.* at 9-10.) He also alleges that Frijas never responded to his administrative grievances in a timely manner. (*See id.* at 10.)

Plaintiff claims he filed a grievance "on the false incident" that occurred on September 26, 2015. (*Id.*) Plaintiff's grievance was "granted in part" because of a "due process violation" by "Warden P. Covello & C. Covel." (*Id.*) Plaintiff claims the "Appeals Office lied and said it would be fixed." (*Id.*)

Plaintiff also claims that Correctional Counselor Munoz "put a false 1030 confidential information disclosure form" in his "C" file on February 8, 2016. (*Id.* at 13.) He alleges that Munoz did this so Plaintiff "could remain in the hole and be found guilty at [his] disciplinary hearing." (*Id.* at 13-14.) Plaintiff alleges that he was "wrongfully found guilty due to L. Munoz fraudulent 1030." (*Id.* at 14.)

Plaintiff alleges Correctional Counselor C. Odell "started retaliating against [Plaintiff] by placing falsified and false statements in [his] C-file." (*Id.*) He further

4

claims Odell "slander[ed] his character" and helped the "Wardens to paint [him] as violent." (*Id.*) Plaintiff was "wrongfully placed" in ad-seg on January 27, 2018. (*Id.*) Odell "prepared" Plaintiff's C-file by placing a "false disciplinary issue/statement" in Plaintiff's file alleged that Plaintiff had a "pending RVR dated 1/11/2018 for possession of weapon" which Plaintiff denies. (*Id.*)

Correctional Counselor C. Frost was the "official that heard the false RVR hearing." (*Id.* at 15.) Plaintiff claims Frost "had written 'guilty' on the hearing form before the hearing began" and "refused" to hear Plaintiff's statement" of "not guilty." (*Id.*) Plaintiff alleges Frost told him that she "couldn't wait to get your dumbass." (*Id.*) Plaintiff told Frost he was "being set up" to which she purportedly replied, "I know and I don't care." (*Id.*) Warden Covel "signed off" on the September 26, 2015 "false and fraudulent (RVR)." (*Id.* at 16.)

On June 4, 2018, Paramo and Covello "granted in part the complaint to re-issue and fix the false RVR" but only did so to "prolong and manipulate the 602 process and to cover up." (*Id.* at 17-18.)

Plaintiff seeks injunctive relief in the form of a transfer to federal custody, along with compensatory and punitive damages. (*Id.* at 22.)

C. <u>Grievance procedure</u>

Throughout his FAC, Plaintiff alleges RJD officials engaged in "stonewalling" in processing his administrative grievances. (FAC at 9.) He also claimed RJD officials unnecessarily prolonged and manipulated the grievance process. (*Id.* at 17-18.) However, a prison official's allegedly improper processing of an inmate's grievances or appeals, without more, cannot serve as a basis for section 1983 liability. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); *see*

*also Todd v. California Department of Corrections and Rehabilitation*, 615 Fed. Appx. 415, 415 (9th Cir. 2015) (district court properly dismissed claim based on improper "processing and handling of […] prison grievances," since prisoners have no "constitutional entitlement to a specific prison grievance procedure") (citing *Ramirez*, 334 F.3d at 860) (quotation marks omitted); *Shallowhorn v. Molina*, 572 Fed. Appx. 545, 547 (9th Cir. 2014) (district court properly dismissed section 1983 claims against defendants who "were only involved in the appeals process") (citing *Ramirez*, 334 F.3d at 860).

For these reasons, the Court finds Plaintiff's conclusory allegations against Defendants insufficient to state any plausible due process claim relating to the processing of his administrative grievances upon which § 1983 relief may be granted. *See Iqbal*, 556 U.S. at 680-84 (citations omitted).

### E. Retaliation claims

A viable claim of retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) the inmate's protected conduct and that the adverse action (4) chilled the inmate's exercise of his First Amendment rights and (5) did not reasonably advance a legitimate penological purpose. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567-568 (9th Cir. 2005)).

Plaintiff makes numerous references to "retaliation" throughout his FAC, but legal "labels and conclusions" like this "are not entitled to the assumption of truth" and fail to state a plausible claim for relief unless they are supported by "further factual enhancement" that "allows the court to draw the reasonable inference that [each] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678-79.

It is difficult to ascertain the nature of Plaintiff's claims due to his failure to set forth his factual allegations with sufficient specificity and in chronological order.

/ / /

6

3:18-cv-02796-GPC-MDD

Based on some of Plaintiff's factual allegations and the exhibits attached to his FAC, it appears that Plaintiff was issued an RVR on September 26, 2015 for "battery on an inmate with a weapon resulting in [serious bodily injury]." (FAC, ECF No. 9-1 at 6, Second Level Appeal Response Log. No. RJD-C-18-03633.)

1. Claims against Gillis, Carolmango, Whiting

Plaintiff appears to claim that each of these Defendants participated in the issuance of the September 26, 2015 "false RVR." (FAC at 5-6.) As part of the element of a retaliation claim, Plaintiff must allege facts to show that the exercise of his First Amendment rights was the substantial or motivating factor behind Defendants' conduct. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

Here, Plaintiff makes an overly broad allegation that the actions of these Defendants was in "retaliation for [Plaintiff] filing grievances against [RJD] and CDCR." (FAC at 5-6.) Plaintiff does not identify the specific grievances or civil rights complaints he filed prior to September 26, 2015 or how any of these named Defendants were actually aware that he was filing grievances or civil rights actions prior to September 26, 2015.

2. Claims against Frijas, Sosa and Garnica

Plaintiff alleges these Defendants have been "harassing and retaliating against" him since he filed a "1983 against CDCR and [RJD] in 2013-14." (*Id.*) Plaintiff further claims these acts of retaliation include "circumventing and prolonging [his] 602s and appeals." (*Id.* at 6.) Again, Plaintiff fails to specifically identify as to how these Defendants were aware of the grievances he was filing, but he also fails to adequately describe an "adverse action" taken against him by these Defendants. *See Brodheim*, 584 F.3d at 1269. A delay in resolving a grievance does not necessarily have an "adverse" impact on Plaintiff. Moreover, Plaintiff fails to address how or to what extent Defendants' actions failed to "reasonably advance a legitimate correctional goal." *Id*. "A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive,

7

that the defendant's actions were arbitrary and capricious, or that they were 'unnecessary to the maintenance of order in the institution.'" *Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984)).

      3.  Claims against Odell

Plaintiff alleges that Correctional Counselor C. Odell "started retaliating against [Plaintiff] by placing falsified and false statements in [his] C-file." (FAC at 14.) However, Plaintiff fails to provide any "further factual enhancement" to suggest Defendant Odell took these actions *because* he exercised his constitutional rights. *Brodheim*, 584 F.3d at 1271 (plaintiff must plead enough facts to plausibly establish defendants' "retaliatory motive"); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir.1989) (plaintiff must allege his protected conduct was "the 'substantial' or 'motivating' factor behind the defendant's conduct.").

For these reasons, the Court finds Plaintiff's conclusory allegations against Defendants insufficient to state any plausible retaliation claim upon which § 1983 relief may be granted. *See Iqbal*, 556 U.S. at 680-84 (citations omitted).

      D.    <u>Due Process claims</u>

Plaintiff's FAC references different times he was charged with an RVR and was given disciplinary hearings at which time he was purportedly found guilty. Plaintiff's FAC fails to allege with sufficient clarity the specific dates, times and ultimate findings of these disciplinary hearings. On November 6, 2015, Defendant Frost is the "official that heard the false RVR disciplinary hearing." (FAC at 15.) Plaintiff claims she had "written 'guilty' on the hearing form before the hearing began and she refused to hear [his] plea." (*Id.*) Plaintiff was also placed in the "SHU" for a "48 month" term on January 27, 2018 based on a seemingly different "false" RVR. (*Id.* at 19.)

The Due Process Clause protects prisoners against deprivation or restraint of "a protected liberty interest" and "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Ramirez*, 334 F.3d at 860 (quoting *Sandin v.*

8

*Conner*, 515 U.S. 472, 484 (1995)) (internal quotation marks omitted). Although the level of the hardship must be determined in a case-by-case determination, courts look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez,* 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87). Only if an inmate has alleged facts sufficient to show a protected liberty interest does the court next consider "whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez,* 334 F.3d at 860.

As currently pleaded, Plaintiff's FAC fails to allege facts which show that any disciplinary punishment he faced as a result of the disciplinary hearings subjected him to any "atypical and significant hardship in relation to the ordinary incidents of prison life." *Id.*; *Sandin*, 515 U.S. at 584. Plaintiff does not compare the conditions of his confinement before or after his disciplinary conviction. Nor does he allege the degree of restraint the term of his discipline imposed. *Ramirez*, 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87).

Moreover, Plaintiff's FAC contains no "factual content that allows the court to draw the reasonable inference," *Iqbal*, 556 U.S. at 678, that any of the Defendants' actions "presented a dramatic departure from the basic conditions of [Plaintiff's] indeterminate sentence," or caused him to suffer an "atypical" or "significant hardship." *Sandin*, 515 U.S. at 584-85.

For these reasons, the Court finds Plaintiff's conclusory allegations against Defendants insufficient to state any plausible due process claim upon which § 1983 relief may be granted. *See Iqbal*, 556 U.S. at 680-84 (citations omitted).

/ / /

/ / /

/ / /

9

3:18-cv-02796-GPC-MDD

E. Leave to Amend

Accordingly, Plaintiff's FAC is dismissed for failing to state a claim upon which relief may be granted. Because he is proceeding pro se, however, the Court having now provided him with "notice of the deficiencies in his complaint," will also grant Plaintiff an opportunity to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

## III. Conclusion and Order

Good cause appearing, the Court:

1. **DISMISSES** Plaintiff's FAC (ECF No. 9) for failing to state a claim upon which § 1983 relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

2. **GRANTS** Plaintiff thirty (30) days leave from the date of this Order in which to file an Amended Complaint that cures the deficiencies of pleading described above. Plaintiff's Amended Complaint must be complete by itself without reference to his original complaint. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

Should Plaintiff elect not to proceed by filing an Amended Complaint within 30 days, the Court will enter a final Order of dismissal of this civil action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and for failure to prosecute in compliance with a Court Order requiring amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to prosecute permitted if plaintiff fails to respond to a court's order requiring amendment of complaint); *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not

10

3:18-cv-02796-GPC-MDD

take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

3. The Clerk of Court is directed to mail Plaintiff a civil rights form complaint for his use in amending.

**IT IS SO ORDERED**.

Dated: May 28, 2019

Hon. Gonzalo P. Curiel
United States District Judge