UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL CHILDS,<br>CDCR #F-14068,<br><br>         Plaintiff,<br><br>vs.<br><br>D. PARAMO; CARIE COREL; LT. P. COVELLO; JESSE JUAREZ; E. FRIJAS; L. GARNICA; V. SOSA; C. ODELL; LADONNA MUNOZ; S. WHITING; P. CAROL MAGNO; C. FROST; GILLIS,<br><br>         Defendants. | Case No.: 3:18-cv-02796-GPC-MDD<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM** |

On December 10, 2018, Earl Childs ("Plaintiff"), proceeding pro se and while housed at the Kern Valley State Prison (KVSP") filed a civil rights action entitled "Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order." (ECF No. 1.) On February 19, 2019, Plaintiff filed a "Motion for Leave to Proceed *In Forma Pauperis*" ("IFP"). (ECF No. 5.)

The Court GRANTED Plaintiff's Motion to Proceed IFP and sua sponte DISMISSED the entire action for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. (ECF No. 6.) On May 21, 2019, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 9.) Once again,

the Court conducted the required sua sponte screening and DISMISSED his FAC for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. (ECF No. 10.) Plaintiff was again granted leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (*Id.*) On July 8, 2019, Plaintiff filed his Second Amended Complaint ("SAC"). (ECF No. 12.)

**II.     Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

     A.     <u>Standard of Review</u>

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his SAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. Nov. 9, 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). A complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure

2

12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.  Plaintiff's allegations

Plaintiff claims that due to his "pending civil case" he "became the target of harassment and retaliation" by officials at the Richard J. Donovan Correctional Facility ("RJD"), as well as California Department of Corrections and Rehabilitation ("CDCR") officials. (SAC at 4.) Plaintiff alleges Defendant Whiting "falsely and illegally wrote up an 'RVR' disciplinary report" charging him with "battery on an inmate with a weapon." (*Id.*) Plaintiff claims that this incident "allegedly took place on the facility yard basketball court." (*Id.*)

Plaintiff alleges that Defendant Whiting had his "unit floor official Defendant Gillis" check to see if Plaintiff was in his cell. (*Id.*) Plaintiff claims Gillis "looked into [his] cell" and said to Plaintiff "you're going down for attempted murder" and left. (*Id.*)

Defendant Carolmango "worked as Facility 'D' main observation gun tower" and during Plaintiff's disciplinary hearing testified that there was "no incident" and he "didn't see [Plaintiff] hurt or stab anybody." (*Id.*) Defendant Whiting purportedly stated that "confidential information was obtained" identifying Plaintiff as the "assailant of the false attacker." (*Id.*) As result, Plaintiff was "removed from [his] daily activities, programs,

3

privileges, and placed in solitary confinement." (*Id.* at 4-5.) While in solitary confinement, Plaintiff was "limited to two showers a week, and denied various privileges available to the 'D' Facility population inmates, such as work, schooling, visitors, packages, the telephone, personal property" and he was placed in restraints each time he left his cell. (*Id.* at 5.)  Plaintiff was housed in the "SHU[1]" for ninth months. (*Id.*)

Plaintiff alleges that Defendant Whiting "became aware" of his legal actions due to Plaintiff "complaining about being denied access to the central law library and for [Plaintiff] filing numerous grievances against the 'D' Facility officers," as well as "receiving legal mail." (*Id.* at 7.)

On February 12, 2018. Plaintiff was "placed" in the "hole" following an "ICC hearing." (*Id.* at 16.) At this hearing, Plaintiff claims he "told the committee team" that his "c-file was messed up due to the [September 26, 2015] incident." (*Id.*) Plaintiff alleges his correctional counselor, Defendant Odell, "said don't worry about that, you were found guilty already." (*Id.*) She also informed Plaintiff that he "had a pending RVR for possession of a weapon" on January 11, 2018. (*Id.*) Plaintiff alleges Defendant Odell "put false statements in [his] c-file" in retaliation for his "pending litigations against CDCR." (*Id.*) Due to her actions, Plaintiff claims he was "looked at as a violent inmate" and "transferred to a higher level prison." (*Id.*)

Plaintiff seeks compensatory and punitive damages, as well as injunctive relief. (*Id.* at 21.)

E. <u>Retaliation claims</u>

Here, Plaintiff claims he "became the target of harassment" by prison officials due to his "pending civil case" which he filed in the Eastern District of California in 2013. (SAC at 4.) Plaintiff also claims that the actions of Defendant Whiting were "taken in retaliation for filing grievances and filing 1983 against CDCR." (*Id.* at 5.) Finally,

---

[1] SHU is an acronym for "secured housing unit."

Plaintiff alleges Defendant Odell retaliated against him because she purportedly "knew of [Plaintiff's] pending litigations against CDCR." (*Id.* at 16.)

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).

A retaliation claim has five elements. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). First, Plaintiff must allege that the retaliated-against conduct is protected. *Watison*, 668 F.3d at 1114.[2] Second, Plaintiff must allege Defendants took adverse action against him.[3] *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). Third, Plaintiff must allege a causal connection between the adverse action and the protected conduct.[4] *Watison*, 668 F.3d at 1114. Fourth, Plaintiff must allege the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Rhodes*, 408 F.3d at 568 (internal quotation marks and emphasis omitted).[5] Fifth, Plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." *Rizzo*, 778 F.2d at 532; *Watison*, 668 F.3d at 1114-15.

While Plaintiff may have alleged the first two elements of a retaliation claim, he falls far short of pleading the necessary causation element. Plaintiff offers no more than

---

[2] The filing of an inmate grievance is protected conduct. *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005).

[3] The adverse action need not be an independent constitutional violation. *Pratt*, 65 F.3d at 806. "[T]he mere threat of harm can be an adverse action...." *Brodheim*, 584 F.3d at 1270.

[4] Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. *Watison*, 668 F.3d at 1114 (citing *Pratt*, 65 F.3d at 808 ("[T]iming can properly be considered as circumstantial evidence of retaliatory intent.")).

[5] "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim*, 584 F.3d at 1269, that is "more than minimal," *Robinson*, 408 F.3d at 568 n.11.

conclusory allegations that Defendants were aware of a complaint he filed in 2013 and that he had filed grievances. Plaintiff does not identify the specific grievances or civil rights complaints he filed prior to September 26, 2015, with the exception of the 2013 matter he filed two years prior to the actions that purportedly occurred in this case. Plaintiff offers no facts to demonstrate how Defendants were aware of these actions and how that served as the motivation for the charges that were brought against him. *Watison*, 668 F.3d at 1114; *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (retaliation claims requires a showing that Plaintiff's protected conduct was "the 'substantial' or 'motivating' factor behind the defendant's conduct.").

For these reasons, the Court finds Plaintiff's conclusory allegations against Defendants insufficient to state any plausible retaliation claim upon which § 1983 relief may be granted. *See Iqbal*, 556 U.S. at 680-84 (citations omitted).

### D. Due Process claims

Plaintiff also alleges that his Fourteenth Amendment due process rights were violated when he was found guilty of "battery on an inmate with a weapon" following a disciplinary hearing. (SAC at 4-5.) Plaintiff received a "SHU term" and housed in solitary confinement for "over 9 months." (*Id.* at 5.)

The Fourteenth Amendment provides that "[n]o state shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). "To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.'" *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)).

A prisoner is entitled to certain due process protections when he is charged with a disciplinary violation. *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 564-571 (1974)). "Such protections include the rights to call witnesses, to present documentary evidence and to have a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken." *Id.* These procedural protections, however, "adhere only when the disciplinary action implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' " *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Although the level of the hardship must be determined on a case-by-case basis, and "[i]n *Sandin's* wake the Courts of Appeals have not reached consistent conclusions for identifying the baseline from which to measure what is atypical and significant in any particular prison system," *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005), courts in the Ninth Circuit look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez*, 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87); *see also Chappell v. Mandeville*, 706 F.3d 1052, 1064-65 (9th Cir. 2013). Only if the prisoner alleges facts sufficient to show a protected liberty interest must courts next consider "whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez*, 334 F.3d at 860.

To the extent that Plaintiff alleges Defendants "falsely & illegally wrote up an RVR", his allegations fail to state a plausible due process claim. *Iqbal*, 556 U.S. at 678. First, "[t]he issuance of a false RVR, alone, does not state a claim under section 1983."

*Murschel v. Paramo*, 2018 WL 539159, at *5 (S.D. Cal. 2018) (citing *Dawson v. Beard*, 2016 WL 1137029, at *5-6 (E.D. Cal. 2016)). Instead, claims of arbitrary action by prison officials must grounded in "'the procedural due process requirements as set forth in *Wolff v. McDonnell*.'" *Murschel*, 2018 WL 539159, at *5 (citing *Ellis v. Foulk*, 2014 WL 4676530, at *2 (E.D. Cal. 2014) (quoting *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984))). "[T]here is no due process right to be free from false disciplinary charges," *Solomon v. Meyer*, 2014 WL 294576, at *2 (N.D. Cal. 2014), because "[t]he Constitution demands due process, not error-free decision-making." *Chavira v. Rankin*, 2012 WL 5914913, at *1 (N.D. Cal. 2012); *see also Johnson v. Felker*, 2013 WL 6243280, at *6 (E.D. Cal. 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under section 1983.") (citing *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) and *Freeman v. Rideout*, 808 F.2d 949, 951-53 (2d Cir. 1986)).

Plaintiff offers no factual allegations that he was deprived of any of the protections set forth in *Wolff*. Accordingly, the Court finds that Plaintiff has failed to state a due process claim upon which relief may be granted.

E. Leave to Amend

Plaintiff has already been provided a short and plain statement of his pleading deficiencies, as well as an opportunity to amend his claims to no avail. Thus, the Court now finds further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).

/ / /

/ / /

/ / /

### III. Conclusion and Order

Good cause appearing, the Court:

1. **DISMISSES** Plaintiff's SAC (ECF No. 12) without further leave to amend for failing to state a claim upon which § 1983 relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

2. **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and

3. **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated: August 19, 2019

Hon. Gonzalo P. Curiel
United States District Judge